LARGÉ & ACEVEDO, Plaintiffs and Appellees, *v.* JORGE CLEMENTE FERNÁNDEZ-HOARD ET AL., Defendants and Appellants.

No. 4352. Argued June 25, 1928.—Decided July 10, 1928.

456

*M. Acosta Velarde* for the appellants. *Juan B. Soto* for the appellees.

Mr. Justice Aldrey delivered the opinion of the court.

This action was brought by the law firm of Largé & Acevedo against Jorge Clemente Fernández Hoard and his sister Angela Margarita Fernández Hoard to recover fees for services rendered to them in the partition of the estate inherited by them from their mother and later from their father and for preparatory work for that purpose.

The fourteen items making up the claim in this case were approved by the trial court after reducing some of them, and the defendant-appellants assign six errors against an adverse judgment.

It is said in the first that neither the complaint nor the evidence adduces facts against appellant Angela Margarita Fernández Hoard because, she being married, her husband should have been joined with her as a defendant. This question was decided contrary to the assignment in considering the appeal in case No. 4351 of the same plaintiffs against Angela Margarita Fernández Hoard on this date.

In their second and third assignments the appellants admit that they should pay the fees claimed for the deeds of partition, but contend that they are not bound to pay anything for the preparation, study and work done before the execution of the deed of partition of the estate inherited by them from their mother and later from their father, because all of that

work is a part of the deeds and is required for their drafting by the notary, for the execution of which they collect under the notarial schedule.

The question now raised by the appellants in these two assignments was not raised by them in the lower court in answering the complaint, for they limited themselves to opposing those claims as excessive and therefore we might disregard their consideration as raised for the first time on appeal (*Laviena* v. *Ramos*, 35 P.R.R. 220); but as they are not justified, we will say, confining ourselves to the case before us, that before a notary drafts a deed of partition of hereditary property and before it is signed by the interested parties it is necessary as a rule to study the antecedents, the titles, to examine the registry of property, the nature of the property, and make arithmetical calculations for the better distribution and allotment of the estate among the heirs so as not to injure some of them and benefit others, and frequently questions arise between the parties in interest which retard the drafting of the deed and often make it necessary to draft several plans of partition. This preliminary work is required before the parties sign the deed for which a fee is fixed in the notarial schedule, therefore, the preparatory work is distinct from the drafting or execution of the deed and should be paid for independently of the schedule fee prescribed for the deed. The case of a notary who has only to draw up the deed because the plan of the partition is given to him is different. Judgment of the Supreme Court of Spain of March 26, 1896, transcribed in the *Diccionario de Alcubilla, Anuario de 1897*, p. 159. Sarzoso on the theory and practice of drafting public instruments, 1887 edition, p. 46. The citation made by the appellants of a judgment of the Supreme Court of Spain of June 15, 1900, is not applicable to this case because that judgment set aside for want of jurisdiction in the *Tribunal Contencioso Administrativo* its decision in an appeal brought against a notary.

The fourth and fifth assignments of error may be considered together because the ground for them is that the lower court abused its discretional power in fixing at $2,000 the value of the preparatory work for the partition of the estate of the mother of the appellants and at $1,000 for similar work in the partition of the estate of their father.

The estate of the mother of the appellants to be partitioned amounted to more than $129,000, and, according to the evidence, was made up of 36 properties, the deeds of some of which could not be found and the attorney and notary of the plaintiff firm had to search the registry of property for information as to the titles to them. As there were properties in several municipalities, he had to examine the books corresponding to the towns of Río Grande, Loíza, Trujillo Alto and Carolina, taking the proper notes after searching for several days in those offices, there being properties which had been recorded at least 19 times. As regards the partition of the estate of their father, involving a capital of $74,000, the work was similar but not so much. The complaint was accompanied by several of those deeds and after the testimony of the attorney and notary of the plaintiff firm the defendants admitted that, if called to testify, the experts of the plaintiff would say that the sums claimed have the reasonable value assigned to them in the complaint.

In view of the foregoing we find no sufficient reason for holding that the trial court committed manifest abuse of discretion in fixing the amounts referred to in these two assignments.

The sixth and last assignment refers to the imposition of the costs, but it is based on and determined for the same reasons stated in appeal No. 4351 decided today.

The judgment appealed from is affirmed.

Mr. Justice Texidor took no part in the decision of this case.